UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOELINA PEREZ DE CERI, on behalf of            Civil Action No
herself and all others similarly situated

                Plaintiffs,

                                          **CLASS ACTION**
                                          **COMPLAINT**
   v.

MCCARTHY, BURGESS & WOLFF, INC.

                                          **NO JURY TRIAL DEMANDED**

                Defendant.
---------------------------------------------------------X

      Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

### INTRODUCTION

1. Joelina Perez De Ceri ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, bring this action to secure redress for the debt collection practices utilized by McCarthy, Burgess and Wolff, Inc. ("MB&W" or "Defendant") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair

1

or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

    i.   The acts giving rise to this lawsuit occurred within this District; and

    ii.  Defendant does business within this District.

## PARTIES

7. Plaintiff, Joelina Perez De Ceri, is an individual natural person who at all relevant times resided in the City of Elmont, County of Nassau, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant McCarthy, Burgess & Wolff, Inc. is a corporation with its principal place of business located at 26000 Cannon Road Cleveland, OH 44146. McCarthy, Burgess & Wolff, Inc. may be served with process through their registered agent, National Registered Agents, Inc., located at 28 Liberty Street New York, NY 10005.

10. The principal purpose of MB&W is the collection of debts using the mail and telephone.

11. MB&W regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. McCarthy, Burgess & Wolff, Inc. states on its website: "MB&W has grown to be one of the largest collection agencies in the U.S. having collected more than ($1 Billion) for our clients over the last decade . . . ." (http://www.mbandw.com/index.php/about/) (Last Visited March 23, 2020).

13. MB&W is registered with the New York Department of Consumer Affairs as a debt collection agency.

14. MB&W is not a law firm.

15. MB&W is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

**FACTS**

16. Sometime prior to September 1, 2018, Plaintiff allegedly incurred a financial obligation to Verizon Wireless related to a personal cell phone account in the Plaintiff's name (the "Debt").

17. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal cell phone account in the Plaintiff's name.

18. The Debt arose out of a cell phone account which Plaintiff opened for her personal use.

19. Plaintiff's personal cellular phone account that was issued by Verizon Wireless was neither opened nor used by Plaintiff for business purposes.

20. Plaintiff's personal cell phone account Debt to Verizon Wireless is a "debt" as defined by 15 U.S.C. §1692a(5).

21. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

22. The Debt went into default pursuant to the terms of the agreement creating the Debt and/or by operation of law.

23. After the alleged Debt went into default pursuant to the terms of the agreement creating the Debt and/or by operation of law, the Debt was referred by Verizon Wireless to MB&W for the purpose of collections.

24. The Debt was never assigned to MB&W.

25. Verizon Wireless never transferred, sold or assigned any of their property, interest or rights with regard to the Debt to MB&W.

26. No privity of contract exists between Defendant and Plaintiff such that Defendant has standing to sue Plaintiff for non-performance of any legal obligation of the Plaintiff arising from or with regard to the Debt.

27. Defendant is merely a third-party debt collector with no legal interest or right in the Debt.

28. Defendant contends that the Debt is past-due.

29. Defendant contends that the Debt is in default.

30. The Debt was past due at the time it was referred to MB&W by Verizon Wireless for collection.

31. The Debt was in default pursuant to the terms of the agreement creating the Debt at the time it was referred to MB&W by Verizon Wireless for collection.

32. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

33. On or about May 28, 2019, MB&W mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the Letter dated May 28, 2019 sent by MB&W to Plaintiff, except the undersigned counsel has in

accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

34. MB&W mailed Plaintiff the Letter dated May 28, 2019 attached as <u>Exhibit A</u> as a part of their efforts to collect the Debt.

35. Plaintiff received the Letter attached as <u>Exhibit A</u> in the mail.

36. Plaintiff read the Letter attached as <u>Exhibit A</u> upon receipt of the letter in the mail.

37. The Letter was sent in connection with the collection of the Debt.

38. The Letter seeks to collect the Debt.

39. The Letter states in relevant part, "This is an attempt to collect and debt…"

40. The Letter conveyed information regarding the Debt including the Balance, MB&W Reference Number and a request for payment.

41. The Letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

42. The Letter attached as <u>Exhibit A</u> states in relevant part at the top right portion:

   Account Balance: $2,397.33

43. The Letter then offers a settlement of 45% off the alleged balance of $2,397.33.

44. Plaintiff believed from reading the Letter that she owed $2,397.33 on the Debt.

45. The Plaintiff never allegedly owed $2,397.33 on the Debt.

46. At most, the Plaintiff only ever allegedly owed $2,031.64 on the Debt.

47. Verizon Wireless's records show that Plaintiff never owed $2,397.33 on the Debt.

48. Verizon Wireless's records show that the Plaintiff, at most, only ever owed $2,031.64 on the Debt. (Annexed and attached hereto as <u>Exhibit B</u> are true copies of statements from Verizon Wireless from December 2018 and August 6, 2019 – dates that both precede and

follow Defendant's Letter – that show that the Plaintiff only allegedly owed $2,031.64 on the Debt. The undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

49. The collection agency that attempted to collect the Debt directly before MB&W also sent a collection letter (the "CBE Letter") which showed that Plaintiff only owed $2,031.64 on the Debt. (Annexed and attached hereto as Exhibit C is a true copy of the CBE Letter dated November 27, 2018 except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

50. Exhibit A is a computer-generated form letter.

51. MB&W's debt collection practice is largely automated and utilizes standardized form letters.

52. On information and belief, the Letter is a mass-produced, computer generated form letter that prepared by MB&W and mailed to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

53. Defendant used the same procedures they used in sending the Letter attached as Exhibit A when sending the same and/or similar letters to other New York consumers.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

55. In sending the Letter attached as Exhibit A, Defendant violated 15 U.S.C. §§1692, 1692e, 1692e(2)(A), 1692e(10).

56. 15 U.S.C. §1692e provides:

    **§1692e.        False or Misleading Representations**

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of –

    (A) the character, amount, or legal status of any debt;

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

57. In considering whether a collection notice violates Section 1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

58. MB&W violated §1692e(2)(A) be asserting in the Letter that the Plaintiff owed $2,397.33 on the Debt. This was untrue because the Plaintiff, at most, only owed $2,031.64 on the Debt (*See* Exhibits B & C). Therefore, Defendant violated §1692e(2)(A) by making a false representation to Plaintiff in the Letter as to the amount of her alleged Debt.

59. MB&W violated §1692e(10) by using false representations and means to collect or attempt to collect the Debt. First, MB&W violated §1692e(10) by falsely inflating the amount the Plaintiff actually owed on the Debt by $365.69 ($2,397.33 - $2,031.64) or approximately 15% of the Debt's actual alleged balance. Second, MB&W violated §1692e(10) by offering Plaintiff a discount to settle the Debt for 45% off of the falsely inflated balance. Artificially increasing the balance of a Debt and then offering a settlement amount based on the artificially increased and incorrect balance is a deceptive means to attempt to collect a Debt in violation of § 1692e(10).

7

60. MB&W's Letter is materially misleading within the meaning of 15 U.S.C § 1692e because a reasonable consumer could read the Letter and be misled into believing that they owed $2,397.33, when that was not true. The Letter is also misleading because it makes a settlement offer that is misleading because it offered to settle for 45% off a falsely inflated balance. By artificially inflating the balance of the Debt the Plaintiff allegedly owed and then offering a discount based on the falsely inflated amount, the Defendant's Letter affected the decision-making abilities of the Plaintiff and other similarly situated consumers.

61. Plaintiff has alleged a particularized injury because the Letter attached as Exhibit A was mailed and directed to her.

62. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff. *See*, Cohen v. Rosicki, Rosicki & Associates, P.C. 897 F.3d 75 (2d. Cir. July 23, 2018)

63. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that the Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

64. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

65. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66. The class is initially defined as (a) all consumers; (b) with a New York address; (c) who were sent a letter from MB&W in a form materially identical or substantially similar to the Letter attached as Exhibit A to the Complaint; (d) which was not returned by the post office as undeliverable; (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action; and (f) where the letter included the alleged conduct and practices described herein.

67. The class definition above may be subsequently modified or refined.

68. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

69. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of form collection letters. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and

    will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

  v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;
2. Adjudging that MB&W violated 15 U.S.C. §1692e;
3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;
4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       March 31, 2020

                          /s/ Ryan Gentile
By:_____
     Ryan Gentile, Esq.
     Law Offices of Gus Michael Farinella PC
     *Attorney for Plaintiff*
     110 Jericho Turnpike – Suite 100
     Floral Park, NY 11001
     Tel: (516) 326-2333
     rlg@lawgmf.com